IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MMCALLEN DIVISION

| | |
|---|---|
| ROSALINDA MAGANA AND ARTURO MAGANA-PAREDES<br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>TRISMART SOLAR, LLC AND SUNLIGHT FINANCIAL, LLC<br>　　　　　Defendants. | CIVIL ACTION NO. 7:24-cv-384 |

### MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(2)

Plaintiffs Rosalinda Magana and Arturo Magana-Paredes move that the Court permit a voluntary dismissal of Sunlight Financial, LLC. Plaintiffs no longer intend to prosecute a case against this company and currently believe that Sunlight Financial's liability is doubtful.

Plaintiffs attempted to obtain a stipulation from all parties on this dismissal. However, not every party was responsive. Counsel for both Trismart Solar, LLC and Sunlight Financial, LLC, responded and are agreed to the dismissal of Sunlight Financial.

Plaintiffs request that the Court dismiss this case *with* prejudice.

Rule 41(a)(2) permits a case to be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In the Fifth Circuit, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir. 1990). "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense."

*Robles v. Atl. Sounding Co.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (citing cases where the defendant lost a statute of limitations defense or *forum non conveniens* defense). Here, there is no risk that a defendant will be stripped of an available defense. In fact, the dismissal here of Sunlight Financial will be with prejudice. There has also been no significant adverse ruling against Plaintiffs in this case. *See id.* (approving dismissal on eve of trial where defendant did not lose any defenses and there had been no adverse ruling); *See also Manshack*, 915 F.2d at 174 ("In some circumstances we would probably agree that a voluntary dismissal granted after an adverse trial court ruling could inflict 'legal prejudice' on the defendant."). There is simply no prejudice to any party, much less "plain legal prejudice" as defined in the Fifth Circuit.

Accordingly, Plaintiffs requests the Court order this voluntary dismissal of this action as to Sunlight Financial with prejudice.

Respectfully submitted,

**KGS LAW GROUP**

By: /s/ Brandon Kinard
Brandon A. Kinard
S.D. Tex. Bar No. 2707742
Texas State Bar No. 24079744
Carlos Saldana
S.D. Tex. Bar No. 24086403
150 W. Parker Road, Suite 705-B
Houston, Texas 77076
Tel: (281) 962-7772
Fax: (281) 962-7773
Email: service@kgslawpllc.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

I attempted to confer with counsel for all parties. Sunlight Financial and Trismart Solar are agreed to the dismissal of Sunlight Financial from this case. I did not hear back from Frontline Home Solutions or Juan Winston Curling, despite multiple efforts to reach them.

*/s/ Brandon A. Kinard*
**Brandon A. Kinard**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2025, a true and correct copy of the foregoing instrument was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to all who are indicated to be registered ECF filers in the United States District Court for the Southern District of Texas:

*/s/ Brandon A. Kinard*
**Brandon A. Kinard**