United States District Court
Southern District of Texas
**ENTERED**
July 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ROSALINDA MAGANA and ARTURO MAGANA-PAREDES,** § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 7:24-CV-00384 | |
| **TRISMART SOLAR LLC, JUAN WINSTON CURLING, FRONTLINE HOME SOLUTIONS, LLC, and SUNLIGHT FINANCIAL, LLC,** § § § § § § | | |
| Defendants. § | | |

## ORDER

Pending before the Court are two Motions: (1) Defendant Sunlight Financial, LLC's ("Sunlight Financial") Motion for Judgment on the Pleadings, (Dkt. No. 11); and (2) Plaintiffs' Motion for Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(2), (Dkt. No. 13). After Sunlight Financial moved for judgment on the pleadings, Plaintiffs moved to dismiss their claims against the company with prejudice under Federal Rule 41(a)(2). (Dkt. No. 13 at 1). Sunlight Financial and Defendant Trismart Solar LLC agree to the dismissal; Plaintiffs did not receive responses from the remaining Defendants "despite multiple efforts to reach them." (*Id.* at 1, 3).

Federal Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice . . . ." *United States ex*

*rel. Vaughn v. United Biologics, LLC*, 907 F.3d 187, 196–97 (5th Cir. 2018) (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). Fifth Circuit "precedents interpret 'action' to cover individual defendants—thus allowing plaintiffs . . . to use Rule 41(a) to dismiss individual defendants." *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc).

Plaintiffs move to dismiss all their claims against Sunlight Financial *with prejudice*. (Dkt. No. 13 at 1). Sunlight Financial agrees to the dismissal, (*id.* at 3), and nothing in the record indicates that any other Party will be prejudiced by the dismissal at this early stage. Accordingly, Plaintiffs' Motion, (Dkt. No. 13), is **GRANTED**, and Sunlight Financial's Motion, (Dkt. No. 11), is **DENIED AS MOOT**. Plaintiffs' claims against Sunlight Financial are **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

Signed on July 16, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**