**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| ROSALINDA MAGANA AND ARTURO MAGANA-PAREDES<br><br>          Plaintiffs,<br><br>          v.<br><br>TRISMART SOLAR, LLC, et al.,<br>          Defendants. | CIVIL ACTION NO. 7:24-cv-384 |

**PLAINTIFFS' PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiffs Rosalinda Magana and Arturo Magana-Paredes file these Proposed Findings of Fact and Conclusions of Law as required by the Court's Pretrial Order:

**Findings of Fact**

1.　　Plaintiffs Rosalinda Magana and Arturo Magana-Paredes own their home at 507 Sunset Boulevard, Donna, Texas. They owned this home during the time period in which all relevant events of this case occurred.

2.　　Plaintiffs entered into a contract for the purchase and installation of a rooftop residential solar panel system with TriSmart Solar, LLC on November 30, 2020.

3.　　Juan Curling, who is employed by Frontline Home Solutions, Inc., acted as the salesperson on the transaction, and was authorized by TriSmart Solar to make the sale to Plaintiffs.

4.　　While communicating with Plaintiffs about the solar panel system and in an effort to induce the purchase, Juan Curling and TriSmart made the following factual

representations to Plaintiffs:

- The solar panel system would provide all energy needed to power the home and Plaintiffs would only have one bill pay for the solar panel system;

- The solar panel system would generate enough power such that there would be excess and they would sell power back to the utility companies;

- Plaintiffs would receive a federal tax credit; and

- Plaintiffs would receive a battery and generator as part of the transaction.

5.     All documents related to this transaction were printed in English. Plaintiffs read and spoke Spanish. All oral communications with Curling and TriSmart were in Spanish. Curling and TriSmart knew Plaintiffs could not read or speak English fluently. Curling assured Plaintiffs that he would tell them what they needed to know about the documents. Plaintiffs signed the contract documents in reliance on Curling's assurances.

6.     The representations made by Curling and TriSmart identified in paragraph four were not true. Defendants Curling and TriSmart knew these representations were not true when they were made.

7.     Juan Curling and TriSmart also failed to disclose facts to Plaintiffs that Curling and TriSmart knew about, including that there would be a UCC lien on the solar panel system that would encumber the property. Defendants were aware that Plaintiffs had no knowledge about these facts.

8.     TriSmart did not complete installation of the solar panel system. The system never became operational.

9.     The solar panel system never produced any energy.

10.     Defendants Curling and TriSmart promised in a written proposal that Plaintiffs would save $53,664 over the life of the solar panel system. Plaintiffs have not saved any money.

11.     The costs to remove the system are $12,500.

12.     Plaintiffs brought this lawsuit and alleged the following causes of action: breach of contract, promissory estoppel, violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, fraud, and fraudulent lien. Plaintiffs pled that Defendant Curling was an agent of Defendant TriSmart. Plaintiffs pled for the following elements of damages: economic damages, mental anguish, additional damages, exemplary damages, and attorney's fees and costs.

**Conclusions of Law**

13.     Texas substantive law applies to this transaction and the parties' conduct that forms the basis of this case.

14.     Juan Curling was an agent of TriSmart Solar in his dealings and communications with Plaintiffs.

15.     Juan Curling, Frontline Home Security, and TriSmart Solar were involved in a joint venture in their dealings and communications with Plaintiffs.

16.     TriSmart Solar breached the contract it entered with Plaintiffs.

17.     TriSmart Solar's breach of contract proximately caused Plaintiffs' damages found in paragraph 24.

18.     Juan Curling, Frontline Home Security and TriSmart Solar violated multiple sections within the Texas Deceptive Trade Practices Act, including the following

provisions of section 17.46(b) of the Texas Business and Commerce Code:

- caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

- represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status , affiliation, or connection which the person does not;

- represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

- represented that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; and

- failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

19.    Defendants Curling, Frontline Home Security, and TriSmart Solar also engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

20.    The actions and omissions of Defendants Curling, Frontline Home Security,

and TriSmart Solar were committed "knowingly" as defined by section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and or omissions in which they engaged.

21.     The violations of the Texas Deceptive Trade Practices Act were a producing cause of Plaintiffs' damages found in paragraph 24.

22.     The conduct of Defendants Curling, Frontline Home Security, and TriSmart Solar amounted to negligent misrepresentation under Texas law. The Court finds that these defendants supplied false information in the course of their business or in the course of a transaction in which they had a pecuniary interest, and that such information was supplied by them for the guidance of Plaintiffs in the transaction for the purchase and installation of the solar panel system. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs justifiably relied on Defendants' information and suffered pecuniary loss which was proximately caused by that reliance. The damages proximately caused by Defendants' negligent misrepresentation are found in paragraph 24.

23.     The conduct of Defendants Curling, Frontline Home Security, and TriSmart Solar amounted to fraud under Texas law. The Court finds that these defendants made material false misrepresentations to Plaintiffs with knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiffs, and Plaintiffs relied on these representations to their detriment. In addition, the Court finds that these defendants concealed or failed to disclose material facts within

the knowledge of Defendants that Defendants knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and Defendants intended to induce Plaintiffs to enter into the transaction made the basis of this suit by such concealment or failure to disclose. Defendants' fraud proximately caused the damages found in paragraph 24.

24. Having found that Defendants Curling, Frontline Home Security, and TriSmart Solar are liable for the causes of action pled by Plaintiffs and discussed within this Order, the Court orders the following damages and Remedies to Plaintiffs:

- $66,164 in economic damages;

- $_____ in damages for mental anguish;

- $_____ in additional damages for the knowing conduct;

- $_____ in exemplary damages; and

- $_____ in reasonable and necessary attorney's fees.

25. The Court further holds that Defendants Curling, Frontline Home Security, and TriSmart Solar are jointly and severally liable for the judgment issued by this Court.

Signed this ___ of _____, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**